IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

-v-

10-CR-349-WMS-HKS

SAMVEL ISKANDARYAN,

        Defendant.

---

## PLEA AGREEMENT

The defendant, SAMVEL ISKANDARYAN, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I.   THE PLEA AND POSSIBLE SENTENCE

1.   The defendant agrees to consent to proceed before a Magistrate Judge and plead guilty to the following count of the Indictment:

a) Count II, charging a violation of Title 8, United States Code, Section 1325(a)(1) [improper entry by an alien] for which the maximum possible sentence is a term of imprisonment of six months, a fine of $5,000, or both, a mandatory $10 special assessment and a term of supervised release of up to one year.

b) The defendant understands that the penalties set forth in these paragraphs are the maximum penalties that can be imposed by the Court at sentencing.

2. The defendant understands that if it is determined that he has violated any of the terms or conditions of supervised release, he may be required to serve in prison all or part of the term of supervised release, up to one year, without credit for time previously served on supervised release. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in Paragraph 1 of this agreement.

## II.  ELEMENTS OF THE OFFENSES AND FACTUAL BASIS

3. The defendant understands the nature of the offenses set forth in paragraph 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt each of the following elements of the crimes:

As to Count II, **Improper entry by an alien**:

a) The defendant is an alien,

b) the defendant knowingly attempted to enter the United States at a time and place other than that designated by immigration officers; and

c) the defendant acted wilfully.

## FACTUAL BASIS

4.  The defendant and the government agree to the following facts, which form the basis for the entry of the guilty plea, including relevant conduct:

> a.  The defendant, SAMVEL ISKANDARYAN, is a citizen of Armenia, and is not a citizen of the United States.
>
> b.  On March 8, 2010, at approximately 1:00 p.m., the defendant crossed the Niagara River from Canada to the Lewiston Landing in Lewiston, New York, via a small inflatable raft. The defendant and his raft landed on the shoreline at the Lewiston Landing, where he was met by members of the Lewiston Police Department, the Niagara County Sheriff's Office and the United States Border Patrol.
>
> c.  The defendant admitted he was not a United States citizen and he had crossed the Niagara River from Canada. He further admitted he had intended to enter the United States from Canada without examination and inspection.
>
> d.  The area where the defendant crossed the Niagara River near Lewiston, New York is not a designated port of entry into the United States.

## III.   SENTENCING GUIDELINES

5. The government and the defendant agree that the Sentencing Guideline (Sentencing Reform Act of 1984), do not apply.

### IV. STATUTE OF LIMITATIONS

6. In the event the defendant's guilty plea is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government, and the defendant further agrees not to assert the statute of limitations as a defense to any other criminal offense involving or related to the facts set forth in Section II of this agreement that is not time-barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty pleas or vacating of the convictions becomes final.

### V. ALIEN STATUS

7. The defendant acknowledges that he is not a citizen of the United States and that he is on notice that his right to enter, remain and/or reside in the United States is subject to the laws, regulations and associated policies of the Department of Homeland Security. The defendant understands that any effect his conviction in this case will have upon his immigration status will be determined by the Department of Homeland Security in a separate proceeding. The defendant has had an opportunity to determine what

the consequences of his conviction might be regarding his immigration status.

## VI. GOVERNMENT RIGHTS AND RESERVATIONS

8. At sentencing, the government agrees to take no position as to the specific sentence within the Guidelines range determined by the Court.

9. The defendant understands that the government has reserved the right to:

   a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

   b. respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government; and

   c. modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information regarding the recommendation or factor.

10. At sentencing, the government will move to dismiss the open counts of the Indictment in this action.

11.  The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VII.  APPEAL RIGHTS

12.  The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed.  The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court that falls within or is less than the maximum sentence set forth in Section I, paragraph 1 above, notwithstanding the manner in which the Court determines the sentence.  In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of his sentence.

13.  The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in his sentence.

14. The government waives its right to appeal any component of a sentence imposed by the Court that falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section I, paragraph 1 above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VIII.  TOTAL AGREEMENT AND AFFIRMATIONS

15. This plea agreement represents the total agreement between the defendant and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

WILLIAM J. HOCHUL, JR.
United States Attorney
Western District of New York

BY: *[signature]*
ERIC M. OPANGA
Assistant U. S. Attorney

Dated: March 8, 2011

I have read this agreement, which consists of 9 pages. I have had a full opportunity to discuss this agreement with my attorney. I agree that it represents the total agreement reached between myself and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my guilty pleas. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____
SAMVEL ISKANDARYAN
Defendant

Dated: March 8, 2011

_____
THOMAS J. EOANNOU                 by/ Jeremy Schwartz
Attorney for the Defendant

Dated: March 8, 2011

-8-

I, _Nadiya Shvetsova_, hereby affirm under penalty of perjury that I am an Interpreter of the _Russian_ language and that I have carefully and fully translated the entire plea agreement set forth above to the defendant.  I further affirm that the defendant has indicated to me that he understands the terms of this plea agreement and that by signing this agreement the defendant agrees to all of its terms and conditions.  I further affirm that the defendant has specifically acknowledged to me that he is signing the agreement voluntarily and after full consultation with his attorney.

DATED: March 8, 2011.

_____
Interpreter